IN THE SUPREME COURT OF THE STATE OF DELAWARE

DEVEARL BACON, § 
§ 
Defendant Below, § No. 269, 2016
Appellant, § 
§ Court Below—Superior Court
v. § of the State of Delaware
§ 
STATE OF DELAWARE, § Cr. ID No. 006017660
§ 
Plaintiff Below, § 
Appellee. § 

Submitted: July 12, 2016
Decided: September 12, 2016

Before **STRINE**, Chief Justice; **HOLLAND**, and **VALIHURA**, Justices.

## **O R D E R**

This 12th day of September 2016, after careful consideration of the opening brief, the motion to affirm, and the record below, we find it manifest that the Superior Court order dated December 30, 2015, which adopted the Commissioner's order dated February 13, 2015 and denied the appellant's second motion for postconviction relief, and the Superior Court order dated April 28, 2016, which denied the appellant's motion for reargument, should be affirmed. To the extent the

appellant challenges his convictions, his claims are untimely[1] and repetitive[2] and he has failed to show that consideration of his claims is warranted in the interest of justice[3] or plead a colorable claim of a miscarriage of justice.[4]  To the extent the appellant challenges his sentences, he has not shown that his sentences are illegal.[5]

We note that this is the appellant's second postconviction motion.  We will not continue to invest scare judicial resources to address untimely and claims.  We encourage the appellant to be mindful of Superior Court Criminal Rule 61(j).[6]

---

[1] Del. Super. Ct. Crim. R. 61(i)(1) (barring postconviction motion filed more than three years after the judgment of conviction is final) (amended in 2005 to reduce filing period to one year). Although Rule 61 was amended on June 4, 2014, we apply the version of Rule 61 in effect at the time Bacon filed his second motion for postconviction relief (September 2011). *Bradley v. State*, 135 A.3d 748, 757 n.24 (Del. Mar. 3, 2016).

[2] Del. Super. Ct. Crim. R. 61(i)(2) (barring postconviction claims not asserted in previous postconviction proceedings).

[3] *Id.* (providing claim not raised in previous postconviction proceeding can be considered in interest of justice).

[4] Del. Super. Ct. Crim. R. 61(i)(5) (providing that bars to relief in Rule 61(i)(1) through (i)(3) do not apply "to a claim that the court lacked jurisdiction or to a colorable claim that there was a miscarriage of justice because of a constitutional violation that undermined the fundamental legality, reliability, integrity or fairness of the proceedings leading to the judgment of conviction").

[5] *See, e.g., Wynn v. State*, 2014 WL 4670861, at *1 (Del. Sept. 19, 2014) ("It is well-established law that a defendant may be convicted of a firearm or weapon offense used during the commission of a felony and also be separately convicted and punished for the underlying felony."); *Weber v. State*, 38 A.3d 271, 278 (Del. 2012) (holding argument that convictions and sentencing for both Attempted Carjacking and Attempted Robbery in the First Degree violated jeopardy was without merit); *Lewis v. State*, 2005 WL 2414293, at *3 (Del. Sept. 20, 2005) (holding consecutive sentences for Carjacking in the Second Degree and Felony Theft were permissible).

[6] Super. Ct. Crim. R. 61(j) ("If a motion is denied, the state may move for an order requiring the movant to reimburse the state for costs and expenses paid for the movant from public funds.").

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

_____
Justice